owner from the completion of the work until the time of the accident. The gravamen of plaintiff's complaint is that defendant owner negligently permitted ice to remain upon a common way in his control. Defendant contractor, who was not in control and for five months had had no right of entry, could not be held liable to the defendant owner for all or part of that claim. (*Relyea* v. *City of New York*, 249 App. Div. 649; *Mayor of Albany* v. *Cunliff*, 2 N. Y. 165, 180–181.) Were it to be found that the defective work of defendant contractor caused the leak of water which formed the ice, the defendant owner owed to plaintiff a duty at least as great as defendant contractor, and a cross complaint cannot be sustained in favor of one joint tort-feasor against another *in pari delicto*. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305; *Larkin Co.* v. *Terminal Warehouse Co.*, 161 App. Div. 262, affd. 221 N. Y. 707.) For the reasons stated the determination that the cross complaint should be dismissed is sustained. (*Ward* v. *Hasbrouck*, 169 N. Y. 407; *Erie Railroad Co.* v. *International Railway Co.*, 209 App. Div. 380, affd. 239 N. Y. 598; *Wenner* v. *Prudential Ins. Co. of America*, 246 App. Div. 613, affd. 271 N. Y. 572.) Carswell, Acting P. J., Johnston, Adel and Sneed, JJ., concur; Wenzel, J., dissents and votes to reverse the order and judgment and to deny the motion, with the following memorandum: This was an action in which the negligence alleged in the complaint was defective construction and negligent maintenance of a roof and its gutters. The complaint charges defendant Watsky, a roofing contractor, with creating the dangerous condition, and defendant Levine, plaintiff's landlord, with maintaining the condition thus created. As to the defendant Levine, the complaint charges, also, negligence for the failure to remove ice which formed on the outside steps from water leaking from the alleged defective leaders and gutters. There is no allegation of notice to the landlord of the icy condition and we must presume that the plaintiff relies upon the statutory provisions of the Multiple Dwelling Law charging the landlord with the duty of keeping the common steps and hallways in reasonably safe condition. While this alleged defective construction is not what might ordinarily be called a latent or hidden defect, it is not such a condition as could be readily disclosed by an examination of the work done by the roofing contractor. It was done in places not ordinarily accessible to the landlord, who is hardly in a position to inspect the completed work and must rely upon the presumption that the contract was properly performed. The contractor, therefore, is the party who should ultimately be answerable for the wrong and, if the proof establishes his negligence, he is bound to indemnify the owner. (*Malony* v. *Brady*, 18 N. Y. S. 757 [Ct. of Common Pleas — not officially published]; *Munk* v. *Maryland Casualty Co.*, 116 App. Div. 756, 757, 758.)

BERNHARD W. WEISS et al., Respondents, v. BEN WERMUL, Appellant.— In an action by purchasers of real property to recover from the seller the down payment and expenses of examination of title, defendant's motion to dismiss the complaint for insufficiency or, in the alternative, to strike certain allegations from the complaint, was denied. Order affirmed, with $10 costs and disbursements, with leave to defendant to answer within ten days from the entry of the order hereon. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

(March 4, 1948.)

ISIDOR NEUWIRTH, Respondent, v. PHILIP MELVIN, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ. [See *ante*, p. 859.]